IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BENARD MCKINLEY, # R30033,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-cv-00937-MJR |
| ) | |
| **RICK HARRINGTON,** ) | |
| **MICHAEL P. ATCHISON, and** ) | |
| **AMY LANG,** ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff Benard McKinley, an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on the supposedly non-disciplinary administrative detention program that has been imposed upon him without due process, and alleged deliberate indifference to his asthma condition.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint and incorporated supporting memorandum (Doc. 1), on October 25, 2012, Plaintiff was placed in administrative detention under a new program implemented at Menard by then-warden Michael P. Atchison, and continued under the present warden, Rick Harrington. Although the detention program is characterized as non-disciplinary, according to Plaintiff he is subjected to the same restrictions on the possession of property, and the availability of programs and commissary privileges as inmates in disciplinary segregation—all in violation of administrative rules and regulations, and without any hearing or measure of

due process, as guaranteed under the Fifth and Fourteenth Amendments. The complaint focuses on the denial of personal property. Privileges are earned back in phases; although Plaintiff has regained some privileges, he still cannot, for example, simultaneously possess a television and a radio, and he still only has C-grade commissary privileges. Plaintiff observes that these are the same restrictions imposed upon inmates in disciplinary segregation, but at least those inmates were afforded due process in the form of a hearing.

The complaint also describes how then-warden Michael P. Atchison and medical technician Amy Lang showed deliberate indifference to Plaintiff's asthma condition from December 2012 through March 2013. On December 19, 2012, during a period when Plaintiff was experiencing frequent asthma attacks, he asked medical technician Lang for a refill of a prescription inhaler, but Lang denied his request, explaining that Plaintiff was on a one-year watch period. Lang then denied Plaintiff's request to schedule an immediate doctor's appointment so he could secure an inhaler; rather, Plaintiff's scheduled appointment in February 2013 would have to suffice. On December 21, 2012, Plaintiff filed an emergency grievance with then-warden Atchison, explaining that his breathing had become difficult and he needed a refill on his inhaler (Doc. 1, p. 46). Atchison determined Plaintiff did not have an emergency situation. Plaintiff continued to suffer asthma attacks over a two-month period, and Lang continued to deny and/or ignore his requests for treatment (or an immediate appointment with a physician).

Based on the allegations of the complaint, the Court finds it convenient to divide the *pro se* action into two counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

due process, as guaranteed under the Fifth and Fourteenth Amendments. The complaint focuses on the denial of personal property. Privileges are earned back in phases; although Plaintiff has regained some privileges, he still cannot, for example, simultaneously possess a television and a radio, and he still only has C-grade commissary privileges. Plaintiff observes that these are the same restrictions imposed upon inmates in disciplinary segregation, but at least those inmates were afforded due process in the form of a hearing.

The complaint also describes how then-warden Michael P. Atchison and medical technician Amy Lang showed deliberate indifference to Plaintiff's asthma condition from December 2012 through March 2013. On December 19, 2012, during a period when Plaintiff was experiencing frequent asthma attacks, he asked medical technician Lang for a refill of a prescription inhaler, but Lang denied his request, explaining that Plaintiff was on a one-year watch period. Lang then denied Plaintiff's request to schedule an immediate doctor's appointment so he could secure an inhaler; rather, Plaintiff's scheduled appointment in February 2013 would have to suffice. On December 21, 2012, Plaintiff filed an emergency grievance with then-warden Atchison, explaining that his breathing had become difficult and he needed a refill on his inhaler (Doc. 1, p. 46). Atchison determined Plaintiff did not have an emergency situation. Plaintiff continued to suffer asthma attacks over a two-month period, and Lang continued to deny and/or ignore his requests for treatment (or an immediate appointment with a physician).

Based on the allegations of the complaint, the Court finds it convenient to divide the *pro se* action into two counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

Count 1: Defendants Atchison and Harrington denied Plaintiff procedural due process in violation of the Fifth and Fourteenth Amendments when they subjected him to administrative detention and its attendant "property" restrictions without any hearing; and

Count 2: Defendants Amy Lang and Michael P. Atchison were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment when they took no steps to secure an inhaler refill or otherwise have Plaintiff's asthma treated.

## Discussion

**Count 1**

Count 1, alleging that Warden Atchison and Warden Harrington denied Plaintiff due process by placing him in administrative segregation (with all of its attendant punitive consequences) without a hearing, fails as a matter of law.

The Due Process Clause of the Fourteenth Amendment[1] protects persons against deprivations of life, liberty or property. However, the Constitution does not afford a general right to avoid transfer to more adverse conditions of confinement. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Wilkinson v. Austin*, 545 U.S. 209, 220-21 (2005). Nevertheless, as Plaintiff notes, a protected interest may also arise from an expectation or interest created by state laws or policies. *Wilkinson,* 545 U.S. at 221. With that said, it is *not* the role of a federal court to enforce state laws and state administrative rules and regulations. *See Pasiewicz v. Lake County Forest Preserve Dist.,* 270 F.3d 520, 526 (7th Cir. 2001). Moreover, Illinois statutes and correctional regulations do not impose limitations on the discretion of prison officials to place inmates in administrative segregation, including investigative or temporary lockdown or confinement and involuntary protective custody. Accordingly, an inmate's mere placement or

---

[1] Although the complaint references both the Fifth and Fourteenth Amendments, the Court will cite to the Fourteenth Amendment because it is specifically directed at state action.

retention in these forms of segregation does not deprive him of a liberty interest or deny his right to due process. *Williams v. Ramos,* 71 F.3d 1246, 1248 (7th Cir. 1995); *Pardo v. Hosier,* 946 F.2d 1278, 1281–84 (7th Cir. 1991); *Kellas v. Lane,* 923 F.2d 492, 494–95 (7th Cir. 1991); *see generally Sandin v. Conner,* 515 U.S. 472, 483 (1995); *Hewitt v. Helms,* 459 U.S. 460 (1983).

Plaintiff does not allege that his term in administrative segregation extended his sentence in any way, which would implicate the right to due process. *Lekas v. Briley*, 405 F.3d 602, 610 (7th Cir. 2005). Under *Sandin v. Conner*, state-created liberty interests protected by the Fourteenth Amendment are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes *atypical and significant hardship* on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 483-484 (emphasis added and internal citations omitted). Thus, state action taken for punitive reasons does not implicate the Due Process Clause *per se*. *Id*. Discipline in prison—whether administrative or punitive—is to be expected with incarceration; it is only a "dramatic departure" from the basic conditions of the sentence that triggers Fourteenth Amendment protection. *Id*. at 485-86. *See also Townsend v. Fuchs*, 522 F.3d 765, 771 (7th Cir. 2008). The conditions in administrative segregation and disciplinary segregation can be the same without triggering due process protection. *See Lekas*, 405 F.3d at 613. "Even a prisoner who had committed a white-collar crime and had been assigned to the lowest-security prison in the state's system might find himself in segregation for a nondisciplinary reason." *Wagner v. Hanks,* 128 F.3d 1173, 1176 (7th Cir. 1997). In *Whitford v. Boglino*, 63 F.3d 527, 533 (7th Cir. 1995), for example, demotion to C grade for six months did not implicate the Due Process Clause.

For these reasons, Count 1 will be dismissed with prejudice, as Plaintiff has failed to state a colorable due process claim.

**Count 2**

Count 2, pertains to the alleged failure to treat or otherwise secure treatment for Plaintiff's asthma condition.

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. U.S. CONST. amend. VIII; *Berry v. Peterman,* 604 F.3d 435, 439 (7th Cir. 2010). Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble,* 429 U.S. 97, 104 (1976).

Although the elements of a legal claim generally do not have to be pleaded to satisfy Federal Rule of Civil Procedure 8's notice pleading standard, but an understanding of the nature of an Eighth Amendment claim is helpful. A claim of deliberate indifference to a serious medical need contains both an objective and a subjective component. *Greeno v. Daley,* 414 F.3d 645, 653 (7th Cir. 2005). To satisfy the objective component, a prisoner must demonstrate that his medical condition is "objectively, sufficiently serious." *Greeno,* 414 F.3d at 653, *citing Farmer v. Brennan,* 511 U.S. 825, 834 (1994) (internal quotations omitted). A serious medical condition is one "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Edwards v. Snyder,* 478 F.3d 827, 830–31 (7th Cir. 2007). To satisfy the subjective component, a prisoner must demonstrate that the prison official "knew of a substantial risk of harm to the inmate and disregarded the risk." *Greeno,* 414 F.3d at 653. "Deliberate indifference cannot rest on

negligent actions or inactions, but must instead rest on reckless indifference to the plight of an inmate." *Cavalieri v. Shepard,* 321 F.3d 616, 626 (7th Cir. 2003).

Here, the first prong of the deliberate indifference analysis—a serious medical condition—is met. "As a general matter, asthma 'can be, and frequently is, a serious medical condition, depending on the severity of the attacks.'" *Lee v. Young*, 533 F.3d 505, 510 (7th Cir. 2008) (quoting *Board v. Farnham,* 394 F.3d 469, 484 (7th Cir. 2005)). Relative to the subjective requirement, the complaint clearly alleges that medical technician Amy Lang deliberately disregarded a risk to Plaintiff's health. Defendant Atchison, who merely deemed Plaintiff's grievance not to be an "emergency," and directed Plaintiff to submit his grievance in the normal manner (*see* Doc. 1, pp. 19, 46), requires further discussion.

In order to be held *individually* liable under Section 1983, a defendant must be personally involved in the alleged constitutional violation. *See Munson v. Gaetz*, 673 F.3d 630, 637 (7th Cir. 2012) (quoting *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010), and *Palmer v. Marion County,* 327 F.3d 588, 594 (7th Cir. 2003)). There is no suggestion that Warden Atchison is a medical professional. Non-medical prison officials can rely on the expertise of medical personnel, provided they do not exhibit deliberate indifference by ignoring knowledge that the inmate is facing an excessive risk. *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011). A public employee who knows about a danger need not act to avert it, *DeShaney v. Winnebago County Dep't of Social Services,* 489 U.S. 189 (1989), and "the alleged mishandling of … grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). A review of the documentation submitted with the complaint indicates that the grievance Atchison was reviewing was filed December 21, 2012, and indicated that *at that time* Plaintiff was still using an inhaler, but Lang

had denied his request to renew the prescription (Doc. 1, p. 46).  Therefore, there is no basis for inferring deliberate indifference to a serious medical need by Atchison and he shall be dismissed from Count 2, with prejudice.

### Pending Motion

Also before the Court is Plaintiff's motion for recruitment of counsel (Doc. 3), which shall be referred to United States Magistrate Judge Stephen C. Williams for decision.

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** against Defendants **RICK HARRINGTON** and **MICHAEL P. ATCHISON** fails to state a claim upon which relief can be granted and is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that the portion of **COUNT 2** regarding Defendant **MICHAEL P. ATCHISON** fails to state a claim upon which relief can be stated and is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that, because there are no viable claims against Defendants **RICK HARRINGTON** and **MICHAEL P. ATCHISON**, they are both **DISMISSED** with prejudice from this action.

**COUNT 2** shall proceed against Defendant **AMY LANG**.  The Clerk of Court shall prepare for Defendant **AMY LANG**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the

Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant Lang can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant Lang's current work address, or, if not known, Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings, including resolution of Plaintiff's motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Stephen C. Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment

of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 15, 2013**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**